THE TOLEDO, WABASH, AND WESTERN RAILWAY COMPANY *v.* COHEN.

RAILROAD.—*Defective Fence.—Stock Killed.*—A small portion of a fence along a railroad track was burned on Thursday. The next Sunday a horse escaped through the opening to the track and was killed on that day by a passing train. The section boss, whose duty it was to repair fences, had passed over that part of the road twice a day between the time of the injury to the fence and the killing of the horse.

*Held,* that, under the circumstances, the company had had sufficient time to repair the fence and must be held to have had notice of the defect.

*Held,* also, that as the company was running its trains on Sunday, it could not claim exemption from the labor of repairing the fence on that day.

From the Miami Circuit Court.

*W. Z. Stuart,* for appellant.

*H. C. Thornton,* for appellee.

DOWNEY, C. J.—This was an action by the appellee against the appellant, to recover the value of a horse killed by the

locomotive and cars of the defendant, at a point on its road where, as is alleged, it was not fenced. The action was commenced before a justice of the peace, where there was judgment for the plaintiff, and an appeal by the defendant to the circuit court. In the circuit court, there was a trial by the court, and a proper special finding made, and conclusions of law stated. To these conclusions of law there was an exception duly taken. That the court erred in the conclusions of law, is the error assigned.

In its finding of the facts, as stated by the court, it was found, among other things, that the company had a fence on each side of the road at the point in question, except that on Thursday next preceding the Sunday on which the animal was killed, fire had been set to the fence by sparks from a passing train, and a space burned out of from four to six feet wide, through which space the animal had gone upon the road. It was also found that the section boss, with hands under his charge, passed along the road at that point twice each day while the fence was so open ; and that it was the duty of the section boss to repair the fence when accidentally injured. It was also found that the general office of the company was, at the time, at Toledo, Ohio.

The court stated as conclusions of law on this point, that the company was entitled to a reasonable time in which to repair the fence, and until after the lapse thereof would not be liable; but that as the burning of the fence took place on Thursday, a delay to repair the fence until the Sunday following was an unreasonable delay, and therefore the company was liable, under the statute, for the animal killed. The court accordingly rendered judgment for the plaintiff.

It is urged by counsel for the appellant that at common law a railroad company was not bound to fence, and that trespassers came upon the track at their peril; that the statute is in derogation of the common law and should be strictly construed ; that only reasonable diligence is required of railroad companies in the maintenance of fences ; that they are allowed a reasonable time to repair ; and that upon the facts

found the company is not liable. In determining whether or not there was reasonable time in which to learn of the condition of the fence and to repair it, counsel insists that Thursday, the day the fence was burned, is to be excluded ; that Sunday, the day on which the train ran over and killed the animal, is also to be excluded, which would leave only two days to be counted ; and that the court will notice judicially that the general office of the company at Toledo is one hundred and sixty-six or one hundred and seventy miles from the place of the accident, etc.

We have no doubt that the conclusion of law in this case, upon the facts found, is correct. We cannot sanction, as applicable to this case, the rule for computing reasonable time in which to repair the fence, which counsel lays down. It is said that Thursday must be excluded, because it is the rule in all cases to exclude the day when the act is done. The reason why Sunday is to be excluded is not expressly stated, but it may be inferred that it is because it is Sunday, and a day when work is not allowed or required to be done. But can counsel claim protection for his company on this ground ? Had the company not been running its trains on Sunday, the position of counsel would have been worthy of more consideration. If the company will run its trains on Sunday, it ought not to claim exemption from the performance of those acts on that day which are essential to the safety of others, and which the law requires of it. When it is shown that the section boss and his hands were passing along the road twice each day, and that it was a part of his duty to repair the fence in such cases, it seems to us rather foreign to the question to talk about the location of the principal office of the company being at Toledo, a distance of one hundred and sixty-five or one hundred and seventy miles away. It could hardly be necessary to communicate with the principal office with reference to the restoration of from four to six feet of worm fence. In our opinion, there was ample time, under the circumstances, in which to repair the fence from Thursday until Sunday.

The judgment is affirmed, with ten per cent. damages and costs.